## JOHN SHELBY 'V. C. L. BOWMAN.

No. 12,581. (68 Pac. 1131.)

1. CONTRACT—*Oral Evidence.* Contract for the exchange of real estate examined, and *held*, that its terms cannot be contradicted by oral evidence.

2. DURESS—*Threats of Attachment.* Where one obtains a bill of sale upon a threat to cause an attachment to be levied on the land of the maker, it does not constitute such duress as would enable the maker to avoid the contract.

Error from Allen district court; L. STILLWELL, judge. Opinion filed April 5, 1902. Affirmed.

*Oscar Foust & Son,* and *Baxter D. McClain,* for plaintiff in error.

*A. H. Campbell,* and *H. A. Ewing,* for defendant in error.

*Per Curiam:* The parties to this action reside in Prairie county, Arkansas. Shelby desired to effect an exchange of his lands ·in that county for lands in

Kansas, and for that purpose engaged Bowman, who was a real-estate agent, to assist, the agreement being that Bowman's compensation should be five per cent. upon the value of the land, but whether this value should be computed upon the value of the lands in Arkansas, or of those in Kansas, or both, does not appear. Bowman put Shelby in communication with a man with whom an exchange for land in Allen county was arranged. The negotiations, however, were principally conducted by Shelby directly and not through Bowman. These negotiations being about to be consummated by the exchange of deeds between the parties, Bowman, becoming uneasy lest he should not get the commission due to him, had an interview with Shelby regarding the same. In this interview Bowman claimed that he was entitled to $600 as his commission. Shelby, however, claimed that he was entitled to but $250, and this difference was finally compromised and Shelby gave to Bowman an agreement acknowledging an indebtedness to him in the sum of $500, and further agreeing that the papers relating to the exchange of properties, which were in the bank at Hazen, Ark., should be held by the bank and not delivered to the purchaser of the Arkansas lands until the $500 should be paid, or secured by a mortgage on the Kansas lands. The next day Shelby, fearing that the trade would fall through unless immediate delivery of the papers was had, arranged with Bowman to permit a delivery of these papers by giving to Bowman, for the purpose of securing the $500, a bill of sale, intended as a chattel mortgage, of certain personal property in Kansas. Shelby thereafter removed with his family and settled upon the lands in Allen county, and he not having paid the amount which had been agreed upon, this action was brought

by Bowman to recover judgment therefor, and to have the bill of sale declared a mortgage, and the property sold to satisfy the judgment prayed for.

In this action Shelby claimed that the settlement which was made between himself and Bowman, and which acknowledged an indebtedness of $500, was really for the purpose only of acknowledging an indebtedness of so much as should amount to five per cent. commission upon the value of the Kansas lands, which did not exceed $5000. The burden of proof resting upon the defendant, after he had introduced his evidence, which showed substantially the facts as herein related, plaintiff demurred thereto, which demurrer was sustained by the court and judgment rendered for the plaintiff.

Evidence offered by the defendant was, upon the objection of the plaintiff, ruled out by the court, for the reason that the written agreement made by the parties, in which the indebtedness of $500 was acknowledged by Shelby, could not be contradicted by oral evidence, and the real question largely turns upon that point. We see no reason for excepting this written agreement from the general rule. There is no ambiguity or uncertainty therein. It is signed by both parties. In it is found this language : "The party of the first part is indebted to the second party in the sum of $500, commission for the selling of plaintiff's land in Prairie county." There is no ambiguity in this language, and no room for the introduction of oral evidence in explanation of it.

Plaintiff in error, in addition, claims that the bill of sale was void because it was obtained by duress. The duress pleaded and sought to be proved was, that Bowman threatened to cause the issuance and levy of an attachment on the lands of the defendant, and that

56—64 KAN.

thereby the exchange of property which he was desirous of making would be defeated. This does not constitute such duress as would enable one to avoid a contract made under stress of it.

It is further claimed by the plaintiff in error that he, being a married man, and his wife not having joined in the execution of the chattel mortgage, the same is void, at least, to the extent of the exempt property. No such claim was made in his answer, and evidence of such facts would not be admissible for that reason. While the defendant requested permission to amend his answer, so as to show this claim to exemption, the court refused such request. It was not made until after the trial had closed, and, even if it had been granted, the evidence clearly shows that the plaintiff in error was not, at the time the bill of sale was made, a resident of the state of Kansas, and entitled to claim exemption under its laws. The instrument itself recites that he was a resident of Prairie county, Arkansas.

We find no error in the proceedings, and, hence, affirm the judgment of the court below.